FILED
CLERKS OFFICE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

2004 OCT -7 P 4:35

U.S. DISTRICT COURT
DISTRICT OF MASS.

**ORIGINAL**

|  |  |
|---|---|
| KEVIN KILELEE, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. |
| DOW CHEMICAL COMPANY, | ) |
| Defendant. | ) 04 12130 MEL |

MAGISTRATE JUDGE Collings

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendant Dow Chemical Company ("Dow" or "Defendant"), hereby removes the above-captioned matter, which is now pending in the Superior Court of the Commonwealth of Massachusetts in the county of Barnstable as Civil Action No. BACV2004-00539-A, to the United States District Court for the District of Massachusetts (the "District Court").

As grounds for this removal, Dow states the following:

1.  This is a civil action over which the District Court has jurisdiction under 28 U.S.C. §§ 1331, and Dow is entitled to remove to the District Court pursuant to 28 U.S.C. § 1441.

2.  Although Dow denies that it is liable for any alleged damages, Plaintiff Kevin Kilelee ("Kilelee" or Plaintiff"), asserts claims for breach of contract and negligence and demands unspecified damages and declaratory relief based on Plaintiff's allegations concerning joint and survivor pension benefits under the pension plan of Dow's wholly-owned subsidiary, Union Carbide Corporation.

FILING FEE PAID:
RECEIPT # 59184
AMOUNT $ 150.00
BY DPTY CLK
DATE 10/8/04

3. Plaintiff alleges that Dow unlawfully interfered with his domestic partner's loss of joint and survivor pension benefits. Because Plaintiff's claims relate to a plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, this action involves a claim under ERISA and it presents a federal question. Accordingly, this Court has original jurisdiction under the provisions 28 U.S.C. § 1331.

4. The following constitutes all of the process, pleadings or orders received or served on Dow in this action, true and correct copies of which are attached as exhibits and incorporated herein as part of this Notice: **Exhibit 1**- Summons; **Exhibit 2** – Complaint; with exhibits and **Exhibit 3** - Tracking Order.

5. The aforesaid Complaint was filed with the Clerk of Courts for Barnstable Superior Court on or about September 9, 2004.

6. Dow was served with the Complaint on or about September 17, 2004. This Notice of Removal is filed within thirty (30) days after service of process. *See* 28 U.S.C. § 1446(b).

7. Pursuant to Local Rule 81.1(a), Dow will file certified or attested copies of all records and proceedings in the state court action and certified or attested copies of all docket entries therein, including a copy of this Notice of Removal, with this Court within thirty (30) days after filing this Notice of Removal.

WHEREFORE, Dow requests that the above action be removed to the United States District Court for the District of Massachusetts.

Respectfully submitted,

DOW CHEMICAL COMPANY,

By its attorneys

_____
Lisa J. Damon (BBO #644741)
Kristin G. McGurn, Esq. (BBO #559687)
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
(617) 946-4800

Dated: October 7, 2004

## CERTIFICATE OF SERVICE

I, Kristin G. McGurn, hereby certify that on this 7th day of October, 2004, a true copy of the foregoing document was mailed, postage prepaid, to David G. Prentiss, Esq., Law Offices of David G. Prentiss, P.C., fleet Bank Building, 700 Pleasant Street, Fourth Floor, New Bedford, MA 02740.

_____
Kristin G. McGurn

3

BO1 15672326.1 / 34843-000001