COMMONWEALTH OF MASSACHUSETTS
TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
BARNSTABLE DIVISION

KEVIN KILELEE,
        Plaintiff

vs.

DOW CHEMICAL COMPANY,
        Defendant

Civil Action

Case No.: BACV2004-06539-A

## COMPLAINT

### Jurisdiction

1. This action seeks declaratory relief under MGL Chapter 231A section 1 whereby plaintiff seeks a determination that the domestic partner of the plaintiff, Linda Enz, is entitled to joint and survivor pension benefits under Union Carbide Corporations pension plan and damages for breach of contract and the tort of negligence.

### Factual Allegations

2. The plaintiff, Kevin Kilelee, has an address of 12 Ploughed Neck Road, East Sandwich, MA.

3. The plaintiff is a retired employee of Union Carbide Corporation and a participant in the Union Carbide Corporate pension plan.

4. The defendant Dow Chemical Company is a foreign corporation doing business in Massachusetts with a registered agent of CT Corporation System, 101 Federal Street, Boston, MA 02110.

5. The defendant Dow Chemical Company is the parent of its subsidiary Union Carbide Corporation and administers its pension plan.

6. On or about May of 2002 plaintiff inquired to Union Carbide Retiree Services as to adding his domestic partner, Linda Enz, for health benefits through the retiree health care plan.

7. On or about May of 2002 plaintiff received from Union Carbide Retiree Services instructions of how to add a domestic partner for health care benefits and for survivor benefits from his pension. See Exhibit "A" attached.

8. Exhibit "A" does not state a 120 day requirement from the date of the Domestic Partner

COMPLAINT        PAGE 1 of 3

Statement for the retired employee to elect survivor benefits for his domestic partner.

9. On May 24, 2002 plaintiff filed a Medical Plan Enrollment Form and Domestic Partner Statement with Union Carbide Retiree Services. See Exhibit "B" attached.

10. On or about May 2002 plaintiff in a phone conversation with Union Carbide Retiree Services was informed he could elect to include his domestic partner for health benefits and there was no time limit in adding his domestic partner for survivor benefits under his pension plan.

11. On or about June 2003 plaintiff, relying on this phone conversation of May 2002 and the instructions in Exhibit "A" submitted a statement for the purpose of entitling his domestic partner to survivor benefits from his pension.

12. On December 1, 2003, the defendant's Union Carbide Company Retirement Board heard plaintiff's appeal of a denial of his request to allow him to designate his domestic partner, Linda Enz, for survivor benefits under Union Carbide Employees' Pension Plan ("Plan").

13. The defendant denied plaintiff's request to add his domestic partner as not made within 120 days of their Domestic Partner Declaration. See Exhibit "C" attached.

14. Under the sixth amendment to the Plan effective May 1, 2002, a Domestic Partner shall be treated as a Spouse for all purposes of the Plan ('emphasis added) other than any spousal consent requirements under the Plan.

15. Nothing in the plan states a marriage date is equivalent to the date of a Domestic Partner Statement.

## Negligence

16. The instructions by the defendant to the plaintiff had two requirements [1] submit a statement that he wished to add his domestic partner for survivor pension benefits and [2] his Domestic Partner Statement had to be in place at the time of the election. See below:

- The Domestic Partner Statement must be in place at time of benefit commencement, or if you retired after January 1, 1993 single, at the time you submit your statement. If you deferred your benefit, you can still obtain survivor coverage for your Domestic Partner.

17. The defendant had a duty to inform the plaintiff of the 120 day window to add his domestic partner when he submitted his Medical Plan Enrollment Form.

18. The defendant negligently failed to notify the plaintiff of the 120 day window to add his domestic partner to his pension plan.

19. The plaintiff and Linda Enz have been damaged by this omission of the plaintiff including loss of consortium.

**Breach of Contract**

20. The defendant misinterprets its pension contract and breaches the pension agreement as amended by refusing to recognize the election of the plaintiff to include his Domestic Partner for survivor pensions benefits.

21. The plaintiff has been damaged by loss of financial benefits for his domestic partner, loss of consortium and uncertainty of the financial well being of his domestic partner if he were to die first.

WHEREFORE, Plaintiff demands:

A. A declaratory judgment finding that the domestic partner of the plaintiff, Lind Enz, be deemed to have become eligible for joint and survivor pension benefits when plaintiff filed his request in June 2003 plus costs of this law suit, and attorney fees.

B. Judgment against the defendant for damages, plus interest costs of this law suit, and attorney fees.

THE PLAINTIFF CLAIMS A TRIAL BY JURY IN THE ABOVE ENTITLED ACTION.

KEVIN KILELEE
By his attorney,

Dated: September 03, 2004

David G. Prentiss, Esquire
David G. Prentiss, P.C.
700 Pleasant Street, Fourth Floor
New Bedford, MA 02740
Telephone 508-996-9229
BBO # 405620

# Exhibit "A"

EXHIBIT "A"



*Retirement Board*

*Mike ~~Ltr~~ Dingr*

Union Carbide Corporation
A Subsidiary of The Dow Chemical Company
Retiree Services, G-1
39 Old Ridgebury Road
Danbury, CT 06817-0001
U S A.

Dear Retiree,

Enclosed is the Statement of Domestic Partnership and enrollment form that you requested from the Retiree Call Center. Please read the statement to verify if your situation meets the UCC requirements of a domestic partnership for the purposes of enrollment in health benefits and entitlement to survivor pension benefits.

Your domestic partner is eligible for health benefits through your retiree health care plan. If you enroll your domestic partner in your health benefits, you will pay the premium appropriate for your new level of coverage. In addition, the costs of covering your domestic partner that are paid by UCC will be charged to you as imputed income.

The premium you pay towards your retiree health care is only a portion of the actual costs of providing that coverage. UCC pays the remaining portion of the costs. When you cover your domestic partner, UCC will pay the remaining portion of the costs after you pay your premium however the portion that UCC pays will be added to your income as taxable income. Therefore, you will pay taxes on the actual cost of providing health benefits to your domestic partner.

The "Working Spouse Rule" may affect eligibility for coverage. This rule applies to Domestic Partners who are employed full-time or retired, and are eligible for another employer's medical plan. Under this rule, if your Domestic Partner is working full-time or is retired, and their employer / former employer offers company subsidized health insurance, you may not cover your Domestic Partner as a Dependent in your MHC or CMP medical plan unless your Domestic Partner is enrolled in his/her employer's plan. Your Domestic Partner's plan would provide his/her primary coverage. Your MHC or CMP plan would provide secondary coverage.

Additionally, your domestic partner may be eligible for survivor benefits from your pension plan in the event of your death. If you submit a statement for the purposes of your domestic partner being entitled to survivor benefits, please note the following:

- If the law does not require a waiver of a benefit, no waiver will be required by UCC. If you identify someone other than your domestic partner as your beneficiary, your domestic partner does not have to sign a waiver.

- The Domestic Partner Statement must be in place at time of benefit commencement, or if you retired after January 1, 1993 single, at the time you submit your statement. If you deferred your benefit, you can still obtain survivor coverage for your Domestic Partner.

- If you die and you are vested and deferred, and you have a statement of a Domestic Partner on record at UCC at time of death, your domestic partner may be entitled to survivor benefits.

If you meet the requirements and you would like to enroll your domestic partner in your health benefits, please do the following:

- Read and provide the required signatures on the Statement - Including Domestic Partner's Social Security number and Date of Birth

- Make sure you have two forms of proof of financial interdependence

- Complete and return the enclosed Medical Plan Enrollment form

Send the completed Domestic Partner Statement and Medical Enrollment form to:

UCC Retiree Services
39 Old Ridgebury Road
Danbury, CT. 06810

If you have any questions, you can contact UCC Retiree Services at 1-800-223-3540.

Sincerely,

*Mary Weber*

Mary Weber
Manager, US Benefits Center

Exhibit "B"



# Medical Plan Enrollment Form

**SECTION I - RETIREE INFORMATION**

| Last Name | First | Middle Initial | Social Security Number | Date of Birth | Sex |
|---|---|---|---|---|---|
| KILELEE | KEVIN | E. | 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 | 12-12-40 | ☒M ☐F |

| Home Address: | City: | State | Zip |
|---|---|---|---|
| 12 Ploughed Neck Rd | East Sandwich | MA | 02537 |

Are you eligible for Medicare? ☐ Yes ☒ No    Home Telephone 508-888-3032

If surviving spouse, please indicate name and Social Security number of deceased retiree: | Retiree Name | Retiree Social Security Number

**SECTION II - DOMESTIC PARTNER INFORMATION - PART A**

| Last Name | First | Middle Initial | Social Security Number | Date of Birth | Sex |
|---|---|---|---|---|---|
| ENZ | LINDA | D | 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 | 6-25-47 | ☐M ☒F |

Are you eligible for Medicare? ☐ Yes ☒ No

**SECTION II - DEPENDENT INFORMATION - PART B - UNMARRIED CHILDREN OF DOMESTIC PARTNER**
Plan eligibility rules apply.

| Full Name of Child | Date of Birth | Sex (M/F) | IRS Dependent (Y/N) | Relationship to Domestic Partner (i.e. birth, adopted, stepchild, etc.) |
|---|---|---|---|---|
| 1. | | | | |
| 2. | | | | |
| 3. | | | | |
| 4. | | | | |
| 5. | | | | |
| 6. | | | | |

**SECTION III - OTHER COVERAGE** (This section must be completed.)

Indicate whether you, OR YOUR DOMESTIC PARTNER have other medical coverage in force.
OTHER MEDICAL COVERAGE? ☐ Yes ☒ No

**SECTION IV - RETIREE/SURVIVING SPOUSE SIGNATURE**

I certify that I have read the attached instructions and that the above information is complete and accurate. I also certify that all claims submitted will be only for indicated individuals who are eligible members of the group plan. I understand I must notify Retiree Services in writing within thirty-one (31) days of a status change and whenever ANY of the above information changes.

RETIREE SIGNATURE /s/ Kevin Kilelee    Date Signed 5/24/02

**PLAN CONTINUATION**

Union Carbide Corporation expects and intends to continue the Managed Health Care Plan/Comprehensive Medical Plan indefinitely but reserves the right to amend, modify, suspend or terminate these plans subject to such written agreements as may be made by the Company. In the event the Plan(s) is revised or discontinued, benefits will be provided as described in the Summary Plan Description for eligible services performed prior to the date of the termination of the Plan(s).

Please Return to: Retiree Services - G1
Union Carbide Corporation
39 Old Ridgebury Road
Danbury, CT 06817

UC-1557
10/98

I. **DECLARATION**

In order to establish a domestic partner relationship to qualify for certain benefits that The Dow Chemical Company and certain of its subsidiaries ("Dow") determines to offer in their sole discretion to Domestic Partners from time to time, we,

KEVIN KILELEE, 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 and LINDA FNZ
Retiree Name (print)               Domestic Partner Name (print)
and Social Security #

6/25/47         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
Domestic Partner's Date of Birth / Social Security #

certify that we are Domestic Partners in accordance with the criteria listed in Section II of this Statement and we certify further that we have read and understand all of the provisions of this Statement.

II. **CRITERIA**

We certify that we meet all of the following criteria:

A. We have lived together for at least twelve (12) consecutive months immediately preceding our signing of this Statement;

B. We are not married to other persons;

C. We are each other's sole domestic partner in a committed relationship similar to a legal marriage relationship and we intend to remain in the relationship indefinitely;

D. If we reside in a state or municipality which provides for registration of domestic partners, we have so registered and we have provided the Company with evidence of such registration;

E. We are both legally competent and able to contract;

F. We are not related to each other in a way which would prohibit legal marriage between opposite sex individuals;

G. We are not acting fraudulently or under duress; and

the following two items of proof evidencing our financial interdependence:
(check any two of the following)

- \_\_\_\_ proof of joint bank account.
- \_\_\_\_ proof of joint lease/ownership of mutual residence.
- \_\_\_\_ joint billing statements for residential utilities (gas, electric, telephone, etc.).
- \_\_\_\_ joint insurance documents (property, life, automobile)
- \_\_\_\_ joint credit card accounts.
- \_\_\_\_ joint loan agreements.
- \_\_\_\_ joint automobile ownership.

### III. CHANGE IN DOMESTIC PARTNERSHIP

We agree to notify The Dow Chemical Company, or in the case of an employee / retiree benefit plan, the Plan Administrator (collectively referred to in this Statement as "the Company") if there is any change in our status as it relates to our Domestic Partner relationship. We further agree that such notification must be made within 30 days of a change in status by the Retiree submitting to the Company a Termination of Domestic Partner Relationship form.

We acknowledge that only the Retiree's signature is required on such form and that Company is under no obligation to notify Domestic Partner of the filing of the Termination of Domestic Partner Relationship form or termination of any applicable benefits.

We understand that, regardless of whether a Termination of Domestic Partner Relationship form is filed, a Domestic Partner relationship is no longer recognized by the Company if the Retiree and Domestic Partner no longer meet the criteria of a domestic partner relationship as set forth in Section II of this Statement, the effect of which shall be the same as if a Termination of Domestic Partner Relationship form has been filed. With respect to relocation benefits, such benefits for the Domestic Partner shall automatically cease at the end of the month following the earliest of any of the following:

A. the termination of Employee's employment with the Company

B. the death of Retiree

C. the death of Domestic Partner

D. the failure of Retiree and Domestic Partner to continue to meet the criteria for a domestic partner relationship as set forth in Section II of this Statement.

E. the filing of a Termination of Domestic Partner Relationship form with the Company

apply.

Retiree understands that another Statement of Domestic Partner Relationship for any new or former domestic partner cannot be filed with the Company until at least twelve (12) months after there has been a termination of Domestic Partner benefits for any reason.

IV. ACKNOWLEDGEMENTS

We further understand and agree as follows:

A. We certify that this Statement is submitted for the purpose of securing certain benefits for Domestic Partner and we affirm under penalties of perjury that the statements made in this Statement are true and accurate representations to the best of our knowledge.

B. We understand that if any of the representations contained in this Statement is false or fraudulent, any benefits provided to Domestic Partner will be void or voidable, retroactive to the date of this Statement.

C. We understand that we are jointly and severally responsible for the reimbursement of any expenses incurred as a result of any false or misleading statement contained in this Statement, or as a consequence of failing to notify the Company of a changed circumstance affecting the eligibility of our domestic partner relationship. Such expenses may include legal fees and the cost of any benefits paid by the Company to Domestic Partner.

D. We understand that the purpose of this Statement is to establish a domestic partner relationship only and, that by accepting this Statement the Company does not guarantee eligibility for coverage or benefits for Domestic Partner as eligibility for coverage and benefits is determined on the basis of all of the terms and conditions of the applicable Company benefits policies or plans, and state and federal law.

E. We acknowledge that we are advised to consult an attorney regarding the possibility that the filing of this Statement may have certain legal and tax consequences, including the fact that it may, in the event of a termination of the domestic partner relationship, be regarded as a factor leading a court to treat the relationship as the equivalent of marriage for the purpose of establishing and dividing community property, or for ordering payment of support.

F. Retiree acknowledges that the making of any false or misleading statements in this Statement may lead to disciplinary action by the Company which may include dismissal.

A.  Dow reserves the right to modify or amend, at any time and in any way whatsoever, the terms of any applicable benefits, including eligibility requirements or the terms and conditions for coverage of domestic partners or to terminate coverage completely.

B.  Dow reserves the right to modify the criteria for establishing a domestic partner relationship and to request appropriate additional documentation in support of this Statement.

We declare, under penalty of perjury under governing state laws, that the statements set forth above are true and correct.

Retiree:

_____        Date: 5/24/02
Signature

Domestic Partner:

_____        Date: May 24, 2002
Signature

Please send the statement to:

UCC Retiree Services
39 Old Ridgebury Rd.
Danbury, CT 06810

Exhibit "C"



The Dow Chemical Company
Midland, Michigan 48674

December 19, 2003

Kevin Kilelee
12 Loughed Neck Rd.
East Sandwich, MA 02537

Dear Mr. Kilelee:

On December 1, 2003, The Dow Chemical Company Retirement Board heard your request to allow you to designate your domestic partner for survivor benefits under Union Carbide Employees' Pension Plan ("Plan"). Unfortunately, the Retirement Board denied your request.

The terms of the Plan dictate how the Plan is administered. The Plan is qualified under rules established by the Internal Revenue Service. The terms of the Plan must be followed consistently for all individuals, and exceptions cannot be made, in order for the Plan to remain qualified under rules established by the Internal Revenue Service.

Specifically, Article 8.1.2 (b) of the Plan, states, in relevant part:

An election ....... shall be permitted only if the Participant's election to convert his or her Retirement Pension to a Qualified Joint and Survivor Annuity is made *no later than one-hundred twenty (120) days following the date the Participant marries. (emphasis added)*

In addition, Item #2 of the Sixth Amendment to the Plan, states, in relevant part:

Effective May 1, 2002, a Domestic Partner ........... shall be *treated as a Spouse for all purposes of the Plan (emphasis added)* other than any spousal consent requirements under the Plan.

Since an election of Qualified Joint and Survivor Annuity was not made within 120 days of your filing of the Domestic Partner Statement, your domestic partner is not eligible to receive survivor benefits under the terms of the Plan.

Kevin Kilelee
December 19, 2003
Page 2

This decision will be deemed binding and conclusive unless you notify the Retirement Board within 90 days after the date of this letter that you intend to institute legal proceedings challenging that decision, and actually institute such proceedings within 180 days after the date of that letter. You may also request a review of any documents that you deem relevant to your claim.

Yours truly,

Tommy Block
Chairperson, Retirement Board
Under Services Agreement

/lla