

FIL
IN CLER    OFFICE

2004 OCT 20  P 3: 05

U.S. DIST     COURT
DISTRIC,  OF MASS.  **ORIGINAL**

World Trade Center East

Two Seaport Lane

Suite 300

Boston, MA 02210-2028

617-946-4800

fax 617-946-4801

www.seyfarth.com

Writer's direct phone

(617) 946-4828

Writer's e mail

jdohertyr@seyfarth.com

October 20, 2004

<u>By Hand</u>
Civil Clerk of the Court
United States District Court
for the District of Massachusetts
One Courthouse Way
Boston, MA 02210

      Re:   <u>Keith Kilelee v. Dow Chemical Company</u>
             Civil Action No.  1:04-CV-12130-MEL

Dear Sir/Madam:

     Pursuant to Local Rule 81.1, enclosed please find for filing certified copies of all records and proceedings from Barnstable Superior Court.

     Kindly acknowledge the receipt and filing of the above documents by date-stamping the enclosed copy of this letter and returning it in the enclosed stamped, self-addressed envelope.

     Thank you for your assistance in this matter.

                       Very truly yours,
                       SEYFARTH SHAW LLP

                       Joanne M. Doherty
                       Paralegal

Enclosures
cc:    Sara A. Arons, Esq.
       Sherry H. Heins, Esq.
       Lisa J. Damon, Esq.
       Kristin McGurn, Esq.
       David G. Prentiss, Esq. (w/enclosures)

*Commonwealth of Massachusetts*

**BARNSTABLE, ss.**                                      **SUPERIOR COURT**

I, John S. Dale, First Assistant Clerk of the Superior Court within and for the County of Barnstable, having, by law, the custody of the seal and all the records, books, documents and papers of, or appertaining to said Court, hereby certify that the papers hereto annexed are true copies of the papers appertaining to said Court, and on file and of record in the Office of said Court, relating to the Case of KEVIN KILELLEE v. DOW CHEMICAL COMPANY, case #04-539.

In witness whereof I have hereunto set my hand and the seal of said Court, at Barnstable, this fifteenth day of October in the year of our Lord two thousand four..

_____
First Assistant Clerk

| CIVIL ACTION COVER SHEET | 04-539 | Trial Court of Massachusetts Superior Court Department County: _____ |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| Kevin Kilelee | DOW Chemical Corporation BARNSTABLE SS |

**SUPERIOR COURT**
**BARNSTABLE SS**

FILED SEP 0 7 2004

_____ Clerk

| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE | ATTORNEY (if known) |
|---|---|
| David G. Prentiss, Esq. 700 Pleasant St., New Bedford, MA 02740 Board of Bar Overseers number: 405620 | |

## Origin code and track designation

Place an x in one box only:

- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| D13 | Declaratory Judgment | (t A) | ( X ) Yes    ( ) No |

**The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.**

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
 1. Total hospital expenses ................................................. $ ...........
 2. Total Doctor expenses ................................................. $ ...........
 3. Total chiropractic expenses ........................................... $ ...........
 4. Total physical therapy expenses ...................................... $ ...........
 5. Total other expenses (describe) ...................................... $ ...........
   **Subtotal $ ...........**
B. Documented lost wages and compensation to date ...................... $ ...........
C. Documented property damages to date ................................. $ ...........
D. Reasonably anticipated future medical and hospital expenses ......... $ ...........
E. Reasonably anticipated lost wages ................................... $ ...........
F. Other documented items of damages (describe)
   $ ...........
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

   $ ...........
   **TOTAL $ ...........**

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s): Defendant breached its pension plan provision by failing to qualify Plaintiff's domestic partner for joint and survivor pension benefits.

**TOTAL $. undetermined**

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

**"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."**

Signature of Attorney of Record _____    DATE: 9/2/2004

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

SUPERIOR COURT
BARNSTABLE SS

FILED   SEP 0 7 2004

_Geo. L. Nelson_  Clerk

COMMONWEALTH OF MASSACHUSETTS
TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
BARNSTABLE DIVISION

KEVIN KILELEE,
     **Plaintiff**

vs.

DOW CHEMICAL COMPANY,
     **Defendant**

**Civil Action**

**Case No.:** 04-539

---

## COMPLAINT

### Jurisdiction

1.    This action seeks declaratory relief under MGL Chapter 231A section 1 whereby plaintiff sees a determination that the domestic partner of the plaintiff, Linda Enz, is entitled to joint and survivor pension benefits under Union Carbide Corporations pension plan and damages for breach of contract and the tort of negligence.

### Factual Allegations

2.    The plaintiff, Kevin Kilelee, has an address of 12 Ploughed Neck Road, East Sandwich, MA.

3.    The plaintiff is a retired employee of Union Carbide Corporation and a participant in the Union Carbide Corporate pension plan.

4.    The defendant Dow Chemical Company is a foreign corporation doing business in Massachusetts with a registered agent of CT Corporation System, 101 Federal Street, Boston, MA 02110.

5.    The defendant Dow Chemical Company is the parent of its subsidiary Union Carbide Corporation and administers its pension plan.

6.    On or about May of 2002 plaintiff inquired to Union Carbide Retiree Services as to adding his domestic partner, Linda Enz, for health benefits through the retiree health care plan.

7.    On or about May of 2002 plaintiff received from Union Carbide Retiree Services instructions of how to add a domestic partner for health care benefits and for survivor benefits from his pension. See Exhibit "A" attached.

8.    Exhibit "A" does not state a 120 day requirement from the date of the Domestic Partner

Statement for the retired employee to elect survivor benefits for his domestic partner.

9.    On May 24, 2002 plaintiff filed a Medical Plan Enrollment Form and Domestic Partner Statement with Union Carbide Retiree Services. See Exhibit "B" attached.

10.   On or about May 2002 plaintiff in a phone conversation with Union Carbide Retiree Services was informed he could elect to include his domestic partner for health benefits and there was no time limit in adding his domestic partner for survivor benefits under his pension plan.

11.   On or about June 2003 plaintiff, relying on this phone conversation of May 2002 and the instructions in Exhibit "A" submitted a statement for the purpose of entitling his domestic partner to survivor benefits from his pension.

12.   On December 1, 2003, the defendant's Union Carbide Company Retirement Board heard plaintiff's appeal of a denial of his request to allow him to designate his domestic partner, Linda Enz, for survivor benefits under Union Carbide Employees' Pension Plan ("Plan").

13.   The defendant denied plaintiff's request to add his domestic partner as not made within 120 days of their Domestic Partner Declaration. See Exhibit "C" attached.

14.   Under the sixth amendment to the Plan effective May 1, 2002, a Domestic Partner shall be *treated as a Spouse for all purposes of the Plan ('emphasis added)* other than any spousal consent requirements under the Plan.

15.   Nothing in the plan states a marriage date is equivalent to the date of a Domestic Partner Statement.

**Negligence**

16.   The instructions by the defendant to the plaintiff had two requirements [1] submit a statement that he wished to add his domestic partner for survivor pension benefits and [2] his Domestic Partner Statement had to be in place at the time of the election. See below:

•   The Domestic Partner Statement must be in place at time of benefit commencement, or if you retired after January 1, 1993 single, at the time you submit your statement. If you deferred your benefit, you can still obtain survivor coverage for your Domestic Partner.

17.   The defendant had a duty to inform the plaintiff of the 120 day window to add his domestic partner when he submitted his Medical Plan Enrollment Form.

18.   The defendant negligently failed to notify the plaintiff of the 120 day window to add his domestic partner to his pension plan.

19.   The plaintiff and Linda Enz have been damaged by this omission of the plaintiff including loss of consortium.

**Breach of Contract**

20.    The defendant misinterprets its pension contract and breaches the pension agreement as amended by refusing to recognize the election of the plaintiff to include his Domestic Partner for survivor pensions benefits.

21.    The plaintiff has been damaged by loss of financial benefits for his domestic partner, loss of consortium and uncertainty of the financial well being of his domestic partner if he were to die first.

WHEREFORE, Plaintiff demands:

A.    A declaratory judgment finding that the domestic partner of the plaintiff, Lind Enz, be deemed to have become eligible for joint and survivor pension benefits when plaintiff filed his request in June 2003 plus costs of this law suit, and attorney fees.

B.    Judgment against the defendant for damages, plus interest costs of this law suit, and attorney fees.

THE PLAINTIFF CLAIMS A TRIAL BY JURY IN THE ABOVE ENTITLED ACTION.

KEVIN KILELEE
By his attorney,

Dated: September 03, 2004

David G. Prentiss, Esquire
David G. Prentiss, P.C.
700 Pleasant Street, Fourth Floor
New Bedford, MA 02740
Telephone 508-996-9229
BBO # 405620

Exhibit "A"

**DOW**

*Mike Sta Disen*

**Union Carbide Corporation**
A Subsidiary of The Dow Chemical Company
Retiree Services, G-1
39 Old Ridgebury Road
Danbury, CT 06817-0001
U.S.A.

Dear Retiree,

Enclosed is the Statement of Domestic Partnership and enrollment form that you requested from the Retiree Call Center. Please read the statement to verify if your situation meets the UCC requirements of a domestic partnership for the purposes of enrollment in health benefits and entitlement to survivor pension benefits.

Your domestic partner is eligible for health benefits through your retiree health care plan. If you enroll your domestic partner in your health benefits, you will pay the premium appropriate for your new level of coverage. In addition, the costs of covering your domestic partner that are paid by UCC will be charged to you as imputed income.

The premium you pay towards your retiree health care is only a portion of the actual costs of providing that coverage. UCC pays the remaining portion of the costs. When you cover your domestic partner, UCC will pay the remaining portion of the costs after you pay your premium however the portion that UCC pays will be added to your income as taxable income. Therefore, you will pay taxes on the actual cost of providing health benefits to your domestic partner.

The "Working Spouse Rule" may affect eligibility for coverage. This rule applies to Domestic Partners who are employed full-time or retired, and are eligible for another employer's medical plan. Under this rule, if your Domestic Partner is working full-time or is retired, and their employer / former employer offers company subsidized health insurance, you may not cover your Domestic Partner as a Dependent in your MHC or CMP medical plan unless your Domestic Partner is enrolled in his/her employer's plan. Your Domestic Partner's plan would provide his/her primary coverage. Your MHC or CMP plan would provide secondary coverage.

Additionally, your domestic partner may be eligible for survivor benefits from your pension plan in the event of your death. If you submit a statement for the purposes of your domestic partner being entitled to survivor benefits, please note the following:

- If the law does not require a waiver of a benefit, no waiver will be required by UCC. If you identify someone other than your domestic partner as your beneficiary, your domestic partner does not have to sign a waiver.

- The Domestic Partner Statement must be in place at time of benefit commencement, or if you retired after January 1, 1993 single, at the time you submit your statement. If you deferred your benefit, you can still obtain survivor coverage for your Domestic Partner.

- If you die and you are vested and deferred, and you have a statement of a Domestic Partner on record at UCC at time of death, your domestic partner may be entitled to survivor benefits.

If you meet the requirements and you would like to enroll your domestic partner in your health benefits, please do the following:

- Read and provide the required signatures on the Statement - Including Domestic Partner's **Social Security number and Date of Birth**

- Make sure you have two forms of proof of financial interdependence

- Complete and return the enclosed Medical Plan Enrollment form

Send the completed Domestic Partner Statement and Medical Enrollment form to:

UCC Retiree Services
39 Old Ridgebury Road
Danbury, CT, 06810

If you have any questions, you can contact UCC Retiree Services at 1-800-223-3540.

Sincerely,

*Mary Weber*

Mary Weber
Manager, US Benefits Center

Exhibit "B"



# Medical Plan Enrollment Form

**SECTION I** — RETIREE INFORMATION

| Last Name | First | Middle Initial | Social Security Number | Date of Birth | Sex |
|---|---|---|---|---|---|
| KILELEE | KEVIN | E. | 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 | 12-12-40 | ☑ M ☐ F |

| Home Address: | City: | State | Zip |
|---|---|---|---|
| 12 PLOUGHED NECK RD | EAST SANDWICH | MA | 02537 |

Are you eligible for Medicare?  ☐ Yes  ☑ No

Home Telephone 508-888-3032

If surviving spouse, please indicate name and Social Security number of deceased retiree:

Retiree Name

Retiree Social Security Number

**SECTION II** — DOMESTIC PARTNER INFORMATION – PART A

| Last Name | First | Middle Initial | Social Security Number | Date of Birth | Sex |
|---|---|---|---|---|---|
| ENZ | LINDA | D | 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 | 6-25-47 | ☐ M ☑ F |

Are you eligible for Medicare?  ☐ Yes  ☑ No

**SECTION II** – DEPENDENT INFORMATION – PART B - UNMARRIED CHILDREN OF DOMESTIC PARTNER
Plan eligibility rules apply.

| | Full Name of Child | Date of Birth | Sex (M/F) | IRS Dependent (Y/N) | Relationship to Domestic Partner (i.e. birth, adopted, step-child, etc.) |
|---|---|---|---|---|---|
| 1. | | | | | |
| 2. | | | | | |
| 3. | | | | | |
| 4. | | | | | |
| 5. | | | | | |
| 6. | | | | | |

**SECTION III** — OTHER COVERAGE (This section must be completed.)

Indicate whether you, OR YOUR DOMESTIC PARTNER, have other medical coverage in force.
OTHER MEDICAL COVERAGE?  ☐ Yes  ☑ No

**SECTION IV** – RETIREE/SURVIVING SPOUSE SIGNATURE

I certify that I have read the attached instructions and that the above information is complete and accurate. I also certify that all claims submitted will be only for indicated individuals who are eligible members of the group plan. I understand I must notify Retiree Services in writing within thirty-one (31) days of a status change and whenever ANY of the above information changes.

RETIREE SIGNATURE _(signature)_                     Date Signed 5/24/02

**PLAN CONTINUATION**

Union Carbide Corporation expects and intends to continue the Managed Health Care Plan/Comprehensive Medical Plan indefinitely but reserves the right to amend, modify, suspend or terminate these plans subject to such written agreements as may be made by the Company. In the event the Plan(s) is revised or discontinued, benefits will be provided as described in the Summary Plan Description for eligible services performed prior to the date of the termination of the Plan(s).

Please Return to: Retiree Services - G1
Union Carbide Corporation
39 Old Ridgebury Road
Danbury, CT 06817

UC-1557
10/98

I.    DECLARATION

In order to establish a domestic partner relationship to qualify for certain benefits that The Dow Chemical Company and certain of its subsidiaries ("Dow") determines to offer in their sole discretion to Domestic Partners from time to time, we,

_KEVIN KILELEEI  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_ and _LINDA FN2_

Retiree Name    (print)                Domestic Partner Name (print)
and Social Security #

_6/25/47_        _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_
Domestic Partner's Date of Birth / Social Security #

certify that we are Domestic Partners in accordance with the criteria listed in Section II of this Statement and we certify further that we have read and understand all of the provisions of this Statement.

II.    CRITERIA

We certify that we meet all of the following criteria:

A.    We have lived together for at least twelve (12) consecutive months immediately preceding our signing of this Statement;

B.    We are not married to other persons;

C.    We are each other's sole domestic partner in a committed relationship similar to a legal marriage relationship and we intend to remain in the relationship indefinitely;

D.    If we reside in a state or municipality which provides for registration of domestic partners, we have so registered and we have provided the Company with evidence of such registration;

E.    We are both legally competent and able to contract;

F.    We are not related to each other in a way which would prohibit legal marriage between opposite sex individuals;

G.    We are not acting fraudulently or under duress; and

the following two items of proof evidencing our financial interdependence: (check any two of the following)

\_\_\_\_ proof of joint bank account.
\_\_\_\_ proof of joint lease/ownership of mutual residence.
\_\_\_\_ joint billing statements for residential utilities (gas, electric, telephone, etc.).
\_\_\_\_ joint insurance documents (property, life, automobile)
\_\_\_\_ joint credit card accounts.
\_\_\_\_ joint loan agreements.
\_\_\_\_ joint automobile ownership.

## III.    CHANGE IN DOMESTIC PARTNERSHIP

We agree to notify The Dow Chemical Company, or in the case of an employee / retiree benefit plan, the Plan Administrator (collectively referred to in this Statement as "the Company") if there is any change in our status as it relates to our Domestic Partner relationship. We further agree that such notification must be made within 30 days of a change in status by the Retiree submitting to the Company a Termination of Domestic Partner Relationship form.

We acknowledge that only the Retiree's signature is required on such form and that Company is under no obligation to notify Domestic Partner of the filing of the Termination of Domestic Partner Relationship form or termination of any applicable benefits.

We understand that, regardless of whether a Termination of Domestic Partner Relationship form is filed, a Domestic Partner relationship is no longer recognized by the Company if the Retiree and Domestic Partner no longer meet the criteria of a domestic partner relationship as set forth in Section II of this Statement, the effect of which shall be the same as if a Termination of Domestic Partner Relationship form has been filed. With respect to relocation benefits, such benefits for the Domestic Partner shall automatically cease at the end of the month following the earliest of any of the following:

A.    the termination of Employee's employment with the Company

B.    the death of Retiree

C.    the death of Domestic Partner

D.    the failure of Retiree and Domestic Partner to continue to meet the criteria for a domestic partner relationship as set forth in Section II of this Statement.

E.    the filing of a Termination of Domestic Partner Relationship form with the Company

apply.

Retiree understands that another Statement of Domestic Partner Relationship for any new or former domestic partner cannot be filed with the Company until at least twelve (12) months after there has been a termination of Domestic Partner benefits for any reason.

## IV.    ACKNOWLEDGEMENTS

We further understand and agree as follows:

A.    We certify that this Statement is submitted for the purpose of securing certain benefits for Domestic Partner and we affirm under penalties of perjury that the statements made in this Statement are true and accurate representations to the best of our knowledge.

B.    We understand that if any of the representations contained in this Statement is false or fraudulent, any benefits provided to Domestic Partner will be void or voidable, retroactive to the date of this Statement.

C.    We understand that we are jointly and severally responsible for the reimbursement of any expenses incurred as a result of any false or misleading statement contained in this Statement, or as a consequence of failing to notify the Company of a changed circumstance affecting the eligibility of our domestic partner relationship.    Such expenses may include legal fees and the cost of any benefits paid by the Company to Domestic Partner.

D.    We understand that the purpose of this Statement is to establish a domestic partner relationship only and, that by accepting this Statement the Company does not guarantee eligibility for coverage or benefits for Domestic Partner as eligibility for coverage and benefits is determined on the basis of all of the terms and conditions of the applicable Company benefits policies or plans, and state and federal law.

E.    We acknowledge that we are advised to consult an attorney regarding the possibility that the filing of this Statement may have certain legal and tax consequences, including the fact that it may, in the event of a termination of the domestic partner relationship, be regarded as a factor leading a court to treat the relationship as the equivalent of marriage for the purpose of establishing and dividing community property, or for ordering payment of support.

F.    Retiree acknowledges that the making of any false or misleading statements in this Statement may lead to disciplinary action by the Company which may include dismissal.

A.    Dow reserves the right to modify or amend, at any time and in any way whatsoever, the terms of any applicable benefits, including eligibility requirements or the terms and conditions for coverage of domestic partners or to terminate coverage completely.

B.    Dow reserves the right to modify the criteria for establishing a domestic partner relationship and to request appropriate additional documentation in support of this Statement.

We declare, under penalty of perjury under governing state laws, that the statements set forth above are true and correct.

Retiree:

_____          Date: ___5/24/02___
Signature

Domestic Partner:

_____          Date: ___May 24, 2002___
Signature

Please send the statement to:

UCC Retiree Services
39 Old Ridgebury Rd.
Danbury, CT  06810

Exhibit "C"

**DOW**

The Dow Chemical Company
Midland, Michigan 48674

December 19, 2003

Kevin Kilelee
12 Loughed Neck Rd.
East Sandwich, MA 02537

Dear Mr. Kilelee:

On December 1, 2003, The Dow Chemical Company Retirement Board heard your request to allow you to designate your domestic partner for survivor benefits under Union Carbide Employees' Pension Plan ("Plan"). Unfortunately, the Retirement Board denied your request.

The terms of the Plan dictate how the Plan is administered. The Plan is qualified under rules established by the Internal Revenue Service. The terms of the Plan must be followed consistently for all individuals, and exceptions cannot be made, in order for the Plan to remain qualified under rules established by the Internal Revenue Service.

Specifically, Article 8.1.2 (b) of the Plan, states, in relevant part:

An election ...... shall be permitted only if the Participant's election to convert his or her Retirement Pension to a Qualified Joint and Survivor Annuity is made *no later than one-hundred twenty (120) days following the date the Participant marries. (emphasis added)*

In addition, Item #2 of the Sixth Amendment to the Plan, states, in relevant part:

Effective May 1, 2002, a Domestic Partner .......... shall be *treated as a Spouse for all purposes of the Plan (emphasis added)* other than any spousal consent requirements under the Plan.

Since an election of Qualified Joint and Survivor Annuity was not made within 120 days of your filing of the Domestic Partner Statement, your domestic partner is not eligible to receive survivor benefits under the terms of the Plan.

Kevin Killelee
December 19, 2003
Page 2

This decision will be deemed binding and conclusive unless you notify the Retirement
Board within 90 days after the date of this letter that you intend to institute legal
proceedings challenging that decision, and actually institute such proceedings within 180
days after the date of that letter. You may also request a review of any documents that
you deem relevant to your claim.

Yours truly,

Tommy Block
Chairperson, Retirement Board
Under Services Agreement

/lla

(TO PLAINTIFF'S ATTORNEY:   PLEASE CIRCLE TYPE OF ACTION INVOLVED:   CONTRACT    TORT
MOTOR VEHICLE TORT      EQUITABLE RELIEF          OTHER)

# Commonwealth of Massachusetts

BARNSTABLE, ss.                                                SUPERIOR COURT
                                                              No. BACV2004-00539-A



Kevin Kilelee, Plaintiff

VS.

DOW Chemical Company, Defendant

## SUMMONS

To the above-named defendant :

    You are hereby summoned and required to serve upon .....Attorney..David..G...Prentiss.,...

...................................................................................................... plaintiff's attorney, whose address is

7.0.0..Pleasant..Street.,..New..Bedford.,..MA..02740........................................, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Barnstable either before service upon plaintiff's attorney or within a reasonable time thereafter.

    Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

    **Witness,** SUZANNE V. DEL VECCHIO **Esquire**, at Barnstable, the .....9th.........................................

day of ..September...................................., in the year of our Lord two thousand and ....04................................ .

*Scott W. Nickerson*  Clerk

**NOTE:** When more than one defendant is involved, the names of all defendants shall appear in the caption. If a separate summons is issued for each defendant, each should be addressed to the particular defendant.

## NOTICE TO DEFENDANT

    You need not appear personally in court to answer the complaint but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office.

SUPERIOR COURT
BARNSTABLE SS

FILED   OCT 1 9 2004

_Scott L. Nickerson_   Clerk

# COMMONWEALTH OF MASSACHUSETTS

**BARNSTABLE, ss.**

**SUPERIOR COURT DEPT.**
**OF THE TRIAL COURT**

|  |  |
|---|---|
| KEVIN KILELEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DOW CHEMICAL COMPANY, | ) |
| | ) |
| Defendant. | ) |

# ORIGINAL

Civil Action No. BACV2004-00539

## NOTICE OF FILING NOTICE OF REMOVAL

To:     Civil Clerk of the Court                   David G. Prentiss, Esq.
        Barnstable Superior Court                  Law Offices David G. Prentiss, P.C.
        Courthouse, 319 Main Street                Fleet Bank Building
        Barnstable, MA 02630                       New Bedford, MA  02740

PLEASE TAKE NOTICE that Defendant Dow Chemical Company ("Dow"), on October

7, 2004, filed with the United States District Court for the District of Massachusetts its Notice of

Removal pursuant to 28 U.S.C. §§ 1331, 1441 and 1446.  A copy of the Notice of Removal

(without exhibits) is attached hereto as "Exhibit A."

Respectfully submitted,

DOW CHEMICAL COMPANY,

By its attorneys

Lisa J. Damon (BBO #644741)
Kristin G. McGurn, Esq. (BBO #559687)
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
(617) 946-4800

Dated:  October 8, 2004

## <u>CERTIFICATE OF SERVICE</u>

I, Kristin G. McGurn, hereby certify that on this 8th day of October, 2004, a true copy of the foregoing document was mailed, postage prepaid, to David G. Prentiss, Esq., Law Offices of David G. Prentiss, P.C., fleet Bank Building, 700 Pleasant Street, Fourth Floor, New Bedford, MA 02740.

Kristin G. McGurn

2

COPY

FILED
IN CLERKS OFFICE

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

2004 OCT -7 P 4: 35

U.S. DISTRICT COURT
DISTRICT OF MASS.

04 - 12130 MEL

)
KEVIN KILELEE,                        )
                                      )
                  Plaintiff,          )
                                      )
v.                                    )     Civil Action No.
                                      )
DOW CHEMICAL COMPANY,                 )
                                      )
                  Defendant.          )
                                      )

I HEREBY ATTEST AND CERTIFY ON 10-20-04
THAT THE FOREGOING DOCUMENT IS A FULL, TRUE
AND CORRECT COPY OF THE ORIGINAL ON FILE
IN MY OFFICE AND IN MY LEGAL CUSTODY.

CLERK, U.S. DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BY

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendant Dow Chemical

Company ("Dow" or "Defendant"), hereby removes the above-captioned matter, which is

now pending in the Superior Court of the Commonwealth of Massachusetts in the county

of Barnstable as Civil Action No. BACV2004-00539-A, to the United States District

Court for the District of Massachusetts (the "District Court").

As grounds for this removal, Dow states the following:

1.      This is a civil action over which the District Court has jurisdiction under

28 U.S.C. §§ 1331, and Dow is entitled to remove to the District Court pursuant to 28

U.S.C. § 1441.

2.      Although Dow denies that it is liable for any alleged damages, Plaintiff

Kevin Kilelee ("Kilelee" or "Plaintiff"), asserts claims for breach of contract and

negligence and demands unspecified damages and declaratory relief based on Plaintiff's

allegations concerning joint and survivor pension benefits under the pension plan of

Dow's wholly-owned subsidiary, Union Carbide Corporation.

3.    Plaintiff alleges that Dow unlawfully interfered with his domestic partner's loss of joint and survivor pension benefits. Because Plaintiff's claims relate to a plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, this action involves a claim under ERISA and it presents a federal question. Accordingly, this Court has original jurisdiction under the provisions 28 U.S.C. § 1331.

4.    The following constitutes all of the process, pleadings or orders received or served on Dow in this action, true and correct copies of which are attached as exhibits and incorporated herein as part of this Notice: **Exhibit 1**- Summons; **Exhibit 2** – Complaint; with exhibits and **Exhibit 3** - Tracking Order.

5.    The aforesaid Complaint was filed with the Clerk of Courts for Barnstable Superior Court on or about September 9, 2004.

6.    Dow was served with the Complaint on or about September 17, 2004. This Notice of Removal is filed within thirty (30) days after service of process. *See* 28 U.S.C. § 1446(b).

7.    Pursuant to Local Rule 81.1(a), Dow will file certified or attested copies of all records and proceedings in the state court action and certified or attested copies of all docket entries therein, including a copy of this Notice of Removal, with this Court within thirty (30) days after filing this Notice of Removal.

WHEREFORE, Dow requests that the above action be removed to the United States District Court for the District of Massachusetts.

Respectfully submitted,

DOW CHEMICAL COMPANY,

By its attorneys

Lisa J. Damon (BBO #644741)
Kristin G. McGurn, Esq. (BBO #559687)
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
(617) 946-4800

Dated: October 7, 2004

## CERTIFICATE OF SERVICE

I, Kristin G. McGurn, hereby certify that on this 7th day of October, 2004, a true copy of the foregoing document was mailed, postage prepaid, to David G. Prentiss, Esq., Law Offices of David G. Prentiss, P.C., fleet Bank Building, 700 Pleasant Street, Fourth Floor, New Bedford, MA 02740.

Kristin G. McGurn

3

BO1 15672326.1 / 34843-000001

**Commonwealth of Massachusetts**
BARNSTABLE SUPERIOR COURT
Case Summary
Civil Docket

### BACV2004-00539
### Kilelee v Dow Chemical Company

| | | | | | |
|---|---|---|---|---|---|
| **File Date** | 09/07/2004 | **Status** | Disposed: transfered to other court (dtrans) | | |
| **Status Date** | 10/15/2004 | **Session** | A - Civil A- Barnstable Superior Court | | |
| **Origin** | 1 | **Case Type** | D13 - Declaratory judgement (231A) | | |
| **Lead Case** | | **Track** | A | | |

| | | | | | |
|---|---|---|---|---|---|
| **Service** | 12/06/2004 | **Answer** | 02/04/2005 | **Rule12/19/20** | 02/04/2005 |
| **Rule 15** | 12/01/2005 | **Discovery** | 10/27/2006 | **Rule 56** | 12/26/2006 |
| **Final PTC** | 04/25/2007 | **Disposition** | 09/07/2007 | **Jury Trial** | Yes |

#### PARTIES

**Plaintiff**
Kevin Kilelee
12 Ploughed Neck Road
Active 09/07/2004

**Private Counsel 405620**
David G Prentiss
700 Pleasant Street
4th Floor
New Bedford, MA 02740
Phone: 508-996-9229
Fax: 508-966-9373
Active 09/07/2004 Notify

**Defendant**
Dow Chemical Company
Served: 09/16/2004
Served (answr pending) 09/16/2004

#### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 09/07/2004 | | Filing fee paid in the amount of $$275.00 including $15.00 surcharge and $20.00 security fee. |
| 09/07/2004 | 1.0 | COMPLAINT & civil action cover sheet filed |
| 09/07/2004 | | Origin 1, Type D13, Track A. |
| 09/16/2004 | 2.0 | SERVICE RETURNED: Defendant made on September 16, 2004 |
| 10/12/2004 | 3.0 | Notice of REMOVAL to US District Court of Massachusetts |
| 10/15/2004 | | Case REMOVED this date to US District Court of Massachusetts |

#### EVENTS

A true copy, Attest:

1st Asst Clerk