UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KEVIN KILELEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NO. 1:04-CV-12130-MEL |
| v. | ) |
| | ) |
| DOW CHEMICAL COMPANY | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS**

Defendant The Dow Chemical Company ("Defendant" or "Dow"), pursuant to Fed. R. Civ. P. 12(b)(6) and Local Rule 7.1(B)(1), submits this memorandum of law in support of its Motion to Dismiss.

**PROCEDURAL HISTORY**

Frustrated that his own inactivity and lack of diligence resulted in a failure to timely designate his domestic partner as a beneficiary for survivor benefits under his pension plan, the Plaintiff Kevin Kilelee ("Plaintiff" or "Kilelee") filed suit against Dow in the Massachusetts Superior Court for Barnstable County on or about September 7, 2004. His Complaint seeks declaratory relief and damages for negligence and breach of contract. Since each of his counts purport to advance federal claims under the Employee Retirement Income Security Act of 1974 ("ERISA" or the "Act"), 29 U.S.C. § 1144(a), Dow removed the action to this court on October 7, 2004, on the basis of federal question subject matter jurisdiction. Dow now moves to dismiss

Plaintiff's Complaint in its entirety because all of Plaintiff's claims are preempted by the supersedure provisions of ERISA.

### PLAINTIFF'S FACTUAL ALLEGATIONS[1]

Plaintiff retired from Union Carbide Corporation ("UCC"), a wholly-owned subsidiary of Dow, in May 2001. *See* Complaint ¶ 3. He is a participant in the Retirement Program Plan for Employees of UCC and Its Participating Subsidiary Companies (the "Plan"). Complaint ¶ 3. UCC is the Plan sponsor. *See* Summary Plan Description ("SPD") at 25.[2] Upon his retirement in May 2001, Plaintiff began receiving pension benefits under the Plan. Plaintiff's benefits were calculated on the basis of his age and years of service. *See* Complaint ¶ 3; Plan at Article V; SPD at 3-5. Plaintiff did not elect survivor benefits for any dependent, thereby maximizing the benefit he would receive during his lifetime. SPD at 21; Complaint ¶¶ 6, 7.

In May, 2002, the Plan was amended to permit eligible employees to enable their domestic partners to receive benefits under the Plan. *See* Complaint ¶ 6; Sixth Amendment to the Plan ("Sixth Amend.") ¶ 2.[3] Pursuant to the amendment, employees who submitted a declaration of domestic partnership could elect their domestic partner as the beneficiary of Qualified Joint and Survivor Annuity benefits ("Survivor Benefits"), under certain circumstances identified in the Plan.

---

[1] The facts recounted in Plaintiff's complaint are deemed to be true for purposes of Defendant's motion to dismiss only. *TAG/ICIB Servs., Inc. v. Pan Am. Grain Co., Inc.*, 215 F.3d 172, 175 (1st Cir. 2000). The Defendant reserves the right to contest Plaintiff's allegations if any part of this case survives this motion to dismiss, including but not limited to whether Kilelee has named a proper defendant here.

[2] The Plan and SPD are attached hereto as Exhibits 1 and 2, respectively. Although a motion to dismiss is directed to the sufficiency of Plaintiff's complaint, the court may consider documents incorporated by reference therein. *Nicholson v. Prudential Ins. Co.*, 235 F. Supp.2d 22, 27 n.2 (D.Me. 2003), citing *Alternative Energy Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001). In an ERISA action involving a benefit plan, the Court may consider plan documents referred to or incorporated in the Complaint, whether or not they are attached. *Id.*

[3] The Sixth Amendment is attached hereto as Exhibit 3.

In or about June 2002, Plaintiff submitted an application to add coverage for his domestic partner to the health insurance he received under his retiree health care plan. Complaint ¶ 9, Ex. B.[4] His application included a declaration of domestic partnership that certified that he and his partner then met the eligibility criteria that permitted her to qualify for health *and* survivor benefits. *Id.* More than a year later, Plaintiff belatedly attempted to designate his domestic partner for Survivor Benefits under the Plan. Complaint ¶ 11; *see also* Plan § 8.1.2.

The Plan requires that an election of a beneficiary of Survivor Benefits be made within 120 days of a participant's marriage. Complaint ¶ 13, Ex. C; Plan § 8.1.2(b).[5] The Sixth Amendment to the Plan, which makes domestic partners eligible for Survivor Benefits, states that a *domestic partner will be treated as a spouse for all purposes of the Plan*, except for spousal consent requirements not pertinent to this suit. Complaint ¶ 14, Ex. C; Plan, Sixth Amend. ¶ 2 (emphasis added). Plaintiff did not submit an election of Survivor Benefits within

---

[4] For the Court's convenience, Plaintiff's Complaint, together with exhibits, is attached hereto as Exhibit 4.

[5] Pertinent Plan provisions governing the election of Survivor Benefits state:

> [F]or a Participant described in subsection (a) whose date of Retirement is on or after, January 1, 1993, the following additional option shall be available:
> (a)   For such a participant who (i) is not married at the time of Retirement, and (ii) marries subsequent to the commencement of such Participant's Retirement Pension, such Participant may elect that payment of his or her Retirement Pension be converted to a Qualified Joint and Survivor Annuity to be calculated on the basis of the then value of his or her Retirement Pension, provided the condition in subsection (b) below is satisfied.
> (b)   An election under subsection (a) shall be permitted only if the Participant's election to convert his or her Retirement Pension to a Qualified Joint and Survivor Annuity is *made no later than one hundred twenty (120) days following the date the Participant marries*. (emphasis added). Plan § 8.1.2(b).

The SPD likewise describes election of survivor benefits:

**An Irrevocable, Non-Transferable Decision**
Survivor option decisions cannot be changed after your pension begins. Once you elect a beneficiary, you cannot name a new one. If your named beneficiary dies while receiving a survivor pension, the benefit cannot be transferred … The only exceptions are: If you retire after January 1, 1993, are unmarried, and do not elect a survivor option, but marry after starting your pension, you may convert your benefit to a survivor option for your spouse. *This election can be made only once, and must be made within 120 days after you marry.* (bold in original, italics added). SPD at 11.

120 days of his declaration of domestic partnership that accompanied his application to add his domestic partner to his health insurance coverage. Rather, inexplicably, he waited nearly a year to do so. Accordingly, the Plaintiff's application to designate his domestic partner as a beneficiary of Survivor Benefits under the Plan was denied. Complaint ¶ 13, Ex. C. Plaintiff subsequently filed the instant suit.

## ARGUMENT

Plaintiff's contract and negligence claims should be dismissed because they are preempted by ERISA. The District Court may grant a motion to dismiss for failure to state a claim upon which relief can be granted where "it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory." *Pomerleau v. West Springfield Public Schs.*, 362 F.3d 143, 145 (1st Cir. 2004) (quoting *Correa-Martinez v. Arrillaga-Belendez*, 903 F.2d 49, 52 (1st Cir. 1990)); Fed.R.Civ.P. 12(b)(6). Here, the preemption of Plaintiff's declaratory judgment, negligence and contract claims is a pure question of law, and Kilelee's claims should be dismissed.[6]

### PLAINTIFF'S CLAIMS ARE PREEMPTED BY ERISA

The Plaintiff's claims are governed by ERISA. They arise from the refusal to extend Survivor Benefits under the Plan to Kilelee's domestic partner, based on his failure to timely designate her as a beneficiary. As an employee benefit plan providing retirement income and other benefits to participants, the Plan unquestionably is subject to ERISA. 29 U.S.C. §§ 1002(2-3), 1003(a). Accordingly, Plaintiff's claims are subject to the Act.

---

[6] Of course, a court has the discretion to deny a motion to amend a complaint if it believes that the amendment would be futile, *Carlo v. Reed Rolled Thread Die Co.*, 49 F.3d 790, 792 (1st Cir. 1995), even if the plaintiff is thus left without a remedy. *See Rosario-Cordero v. Crowley Towing & Transportation Co.*, 46 F.3d 120, 126 (1st Cir. 1995).

ERISA's preemptive provisions are exceptionally broad. *MacDougall v. Unified Ret. Plan of the Bank of New England Corp. and Affiliates*, 878 F. Supp. 4, 7 (D. Mass. 1995) (Lasker, J.). ERISA's "deliberately expansive preemption provisions were designed to 'establish pension plan regulation as exclusively a federal concern.'" *Carlo v. Reed Rolled Thread Die Co.*, 49 F.3d 790, 794 (1st Cir. 1995) (quoting *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 46 (1987)). State law claims are preempted by ERISA if they have a connection with, or reference to, an ERISA-qualified plan. *Id.*; *Pilot Life Ins. Co.*, 481 U.S. at 47-48. For this reason, courts consistently have held that state law claims to recover benefits of ERISA-qualified plans, or for damages for wrongfully withholding such benefits, are preempted by the Act. *See, e.g., Campbell v. BankBoston, N.A.*, 206 F. Supp. 2d 70, 79-80 (D. Mass. 2002) (Lasker, J.). In this case, all of Plaintiff's claims are preempted because they constitute attempts to recover the benefits of an ERISA-qualified plan. Even if viewed otherwise, Plaintiff's claims have a sufficient connection to the Plan to be preempted by the Act.

Kilelee's claims for declaratory relief and breach of contract are preempted because they constitute attempts to recover benefits. Through his declaratory judgment and contract claims, Kilelee seeks to compel the provision of certain benefits allegedly owed under the Plan, namely Survivor Benefits for his domestic partner. Plaintiff's declaratory relief claim seeks a determination that his domestic partner is entitled to Survivor Benefits under the Plan. Complaint ¶ 1. Plaintiff's contract claim similarly seeks to recover Survivor Benefits under the Plan for his domestic partner. Complaint ¶ 20. Any cause of action by which a plaintiff seeks to obtain benefits under an ERISA-qualified plan is preempted by the Act. *Hampers v. W.R. Grace & Co., Inc.*, 202 F.3d 44, 51 (1st Cir. 2000) (ERISA precludes state law claims to enforce rights under ERISA plan or obtain damages for withholding those rights) (citing *Turner v. Fallon*

*Community Health Plan*, 127 F.3d 196, 199 (1st Cir. 1997)); *Campbell*, 206 F. Supp. 2d at 79-80; *Williams v. HealthAlliance Hosps., Inc.*, 135 F. Supp. 2d 106, (D. Mass. 2001). Plaintiff's declaratory judgment and contract claims, therefore, are preempted by the Act.

Plaintiff's negligence claim also is preempted because it relates to an ERISA-qualified plan.[7] The sole basis of Plaintiff's negligence claim is that he allegedly was not notified of the Plan's 120-day window in which to elect Survivor Benefits for his domestic partner. *See* Complaint ¶¶ 17-18. In order to prevail on this claim, Plaintiff must prove, at a minimum, that the Plan exists. This connection to the Plan is sufficient to preempt Plaintiff's negligence claim. *McMahon v. Digital Equip. Corp.*, 162 F.3d 28, 38-39 (1st Cir. 1998) (claim preempted by ERISA where plaintiff must prove that plan exists in order to prevail); *Williams*, 135 F. Supp. 2d at 110 (same) (citing *Ingersoll-Rand v. McClendon*, 498 U.S. 133, 140 (1990)). Courts have specifically recognized that claims involving a defendant's allegedly tortious statements about an ERISA-qualified plan are preempted. *See McMahon*, 162 F.3d at 38-39 (negligence claim arising out of administration of plan preempted because plaintiff must prove existence of plan to prevail); *Carlo*, 49 F.3d at 794-95 (misrepresentation claim preempted because court must look to plan to evaluate truth of defendant's statements) (citing *Vartanian v. Monsanto Co.*, 14 F.3d 697, 700 (1st Cir. 1994)); *Stanford v. AT & T Corp.*, 927 F. Supp. 524, 526-27 (D. Mass. 1996) (Lasker, J.) (claim that defendant fraudulently or negligently misrepresented eligibility terms for ERISA-qualified plan preempted because court must look to plan to evaluate claim and assess

---

[7] This rationale also applies to preempt Plaintiff's declaratory judgment and breach of contract claims. *See, e.g., Hampers*, 202 F.3d at 52-53 (contract claim for benefits allegedly due under ERISA-qualified plan preempted because court must look to plan to evaluate claim); *Williams*, 135 F. Supp. 2d at 110-11 (declaratory judgment and contract claims preempted as requiring proof that plan exists); *Lemanski v. Lenox Sav. Bank*, 1996 WL 253315 (D. Mass. 1996) (declaratory judgment claim preempted because it requires plaintiff to prove plan exists).

damages). Because it is related to the Plan, Plaintiff's negligence claim is preempted by ERISA.[8]

The damages Plaintiff seeks provide further bases for ERISA preemption. The relief Plaintiff seeks (*i.e.*, a declaration that his domestic partner is entitled to survivor pension benefits and/or recovery for the denial of those benefits) must be measured by reference to the Plan, therefore his claims are preempted.[9] *See Hampers*, 202 F.3d at 52, 54 (claim preempted where relief requested focuses primarily on ERISA-qualified plan); *Carlo*, 49 F.3d at 794 (claim preempted even where reference to ERISA-qualified plan necessary only to calculate damages) (citing *Ingersoll-Rand*, 498 U.S. at 140); *Sun Life Assurance Co. of Canada v. Sullivan*, 206 F. Supp. 2d 191, 195-96 (D. Mass. 2002) (Collings, M.J.) (matters involving beneficiary of survivor benefits under ERISA-qualified plan preempted); *Stanford*, 927 F. Supp. at 526 (claim preempted because plaintiff seeks damages in amount of benefits allegedly due under ERISA-qualified plan). Furthermore, the fact that Kilelee has requested attorney's fees in his prayer for relief is indicative of the fact that his claims are preempted because, while a successful plaintiff may recover attorneys' fees under ERISA, such damages are not available in typical contract or tort cases. *Hampers*, 202 F.2d 44, 52, 54 (fact that plaintiff sought attorneys' fees in conjunction with contract claim indicative of ERISA preemption). The damages Plaintiff seeks in his Complaint therefore provide further grounds for ERISA preemption of his claims.[10]

---

[8] Notably, Plaintiff's vague allegations regarding a telephone conversation in which he allegedly was told there was no time limit for electing Survivor Benefits for his domestic partner cannot ground an ERISA claim because ERISA prohibits oral modification of Plans governed by the Act. *Thomason v. Aetna Life Ins. Co.*, 9 F.3d 645, 650 (7th Cir. 1993).

[9] That Kilelee has also pleaded a loss of consortium is not sufficient to save his claims from preemption. *Pollini v. Raytheon Disability Employee Trust*, 54 F. Supp. 2d 54, 60 (D. Mass. 1999) (Lasker, J.) (loss of consortium claim based on alleged wrongful denial of benefits under ERISA-qualified plan "relates to" plan and is preempted).

[10] It is worth noting that where ERISA specifically provides for a particular remedy, alternative remedies are not permitted. *See, e.g.*, 29 U.S.C. § 1132(c); *Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996) (relief is not "appropriate" within ERISA's meaning "where Congress elsewhere provided adequate relief for a beneficiary's injury" and there is "no need for further equitable relief."); *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204 (2002) (Court is "reluctant to tamper with" ERISA's enforcement scheme by "extending remedies not specifically authorized by its text.")

-8-

## CONCLUSION

WHEREFORE, Defendant The Dow Chemical Company respectfully requests that this court dismiss the Complaint in this case in its entirety for failure to state a claim upon which relief can be granted.

Respectfully submitted,
THE DOW CHEMICAL COMPANY
By its Attorneys,

_____
Lisa Damon (BBO # 558843)
Kristin G. McGurn (BBO # 559687)
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone:  (617) 946-4800
Telecopier: (617) 946-4801

DATED: November 15, 2004

### Certificate of Service

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by hand on November 15, 2004.

_____
Kristin G. McGurn

BO1 15674544.2