UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KEVIN KILELEE.,    )
                   )
        Plaintiff  )
v.                 )         Docket # 04-CV 12130-MEL
                   )
DOW CHEMICAL COMPANY )
                   )
        Defendant )
                   )

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND COMPLAINT

Under Rule 15(a) Fed.R.Civ.P., leave to amend pleadings, "shall be freely given when justice so requires." The United States Supreme Court has called this language a "mandate". <u>Foman v. Davis, Executrix</u> 371 U.S. 178, 83 S. Ct. 227 at 230 (1962). The Court stated:

> It is too late in the day and entirely contrary to the spirit of the federal rules of civil procedure for decisions on the merits to be avoided on the basis of such mere technicalities. "the federal rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." <u>Conley v. Gibson</u>, 355 U.S.. 41, 48. The rules themselves provide that they are to be construed "to secure the just, speedy, and inexpensive determination of every action." Rule 1
> ..............................
>
> Rule 15(a) declares that leave to amend "shall be freely given when justice so requires"; this mandate is to be heeded. see generally, 3 Moore, Federal Practice (2d ed. 1948), paras. 15.08, 15.10. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. in the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing

*party by virtue of allowance of the amendment, futility of amendment, etc. - the leave sought should, as the rules require, be "freely given." of course, the grant or denial of an opportunity to amend is within the discretion of the district court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the federal rules.* Id.

None of the exceptions noted above are pertinent to this amendment.

## CONCLUSION

The Plaintiff's claims are meritorious and this Court has jurisdiction under ERISA as restated in his amended complaint. The mandate of Rule 15 is to permit amendments freely when justice requires, absent unusual circumstances which do not exist in the present case. Since none of the exceptions noted above are pertinent to this amendment Plaintiffs Motion to Amend Complaint should be allowed.

Dated: January 13, 2005

Respectfully Submitted,
DAVID G. PRENTISS, P.C.
By:

David G. Prentiss
700 Pleasant Street
New Bedford, MA 02740
(508) 994-3200
BBO# 405620

### CERTIFICATE OF SERVICE

I hereby certify that I have this date served a true copy of the attached document to the following counsel of record by: FIRST CLASS MAIL, POSTAGE PREPAID as follows on the date above written:

Kristin G. McGurn, Esq.
Seyfarth & Shaw
World Trade Center East
Two Seaport Lane
Boston, MA 02110-2028

David G. Prentiss

\\YOUR-ZE8CXVR8TT\C front desk\Documents and Settings\All Users\Documents\Office Files\Enz, Linda & Kilelee, Kevin (R3)\Dow Complaint\#ERISA Complaint.doc

\\your-ze8cxvr8tt\shareddocs\Office Files\Kilelee, Kevin (See Enz, Linda)\2005 final amended.doc